**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

February 27, 2020

William J. Rhodunda, Jr., Esq.
Nicholas G. Kondraschow, Esq.
1220 N. Market Street, Suite 700
Wilmington, DE 19801

Jonathan M Stemerman, Esq.
Rafael X. Zahralddin, Esq.
1105 N. Market Street, Suite 1700
Wilmington, Delaware 19801

Re:  *R. Keating & Sons, Inc. v. Daryl Huber, et al.,*
Case No.: **N17C-05-195 VLM**

Dear Counsel:

This is the Court's decision on Defendants, Cross-Claim Defendants, and Counterclaim Plaintiffs, Nancy Forsha-Huber and Darryl Hubers' (Hubers) Motion for Reconsideration or Clarification (Motion).

After consideration of all pleadings and oral arguments heard on November 5, 2019, the Court deems it appropriate to clarify its Order granting Counterclaim Defendants' Motion to Dismiss. The Court's prior Order of dismissal solely pertains to the Hubers' Original Counterclaim. For this reason, the Motion for Reargument is **GRANTED, to clarify,** and **DENIED for reargument.** To clarify, the Hubers' Amended Counterclaim remains as the operative pleading in this action.

### *Factual and Procedural Background*

On August 15, 2014, the Hubers entered into a contract with Chiselcreek Development, LLC (Chiselcreek) for new home construction. On May 12, 2017, R. Keating & Sons, Inc. (Keating), a subcontractor, filed the instant action for breach of contract and *quantum meruit* against the Hubers and Chiselcreek. On June 19, 2017, Chiselcreek answered Keating's Complaint, and cross-claimed against the Hubers for breach of contract, *quantum meruit*, and indemnification/contribution.

1

The record reflects the entry of appearance on behalf of the Hubers by Michael P. Morton, Esquire in July of 2017, with substitution of counsel by M. Kathryn Harmon, Esquire in January 2018, and a status letter from David E. Matlusky on March 27, 2018, confirming he agreed to provide a courtesy extension to Ms. Harmon to review the matter.

On June 12, 2018, the Hubers filed both an Answer to Keating's Complaint and Chiselcreek's Crossclaim. They also filed the first Counterclaim against Chiselcreek and Third Party Complaint against Sardo Properties, LLC and David Sardo for breach of contract, fraudulent inducement, fraudulent misrepresentation, negligence, breach of implied warranty of workmanship and habitability, tortious interference, conversion, intentional infliction of emotional distress, and loss of consortium (the "Original Counterclaim").

On July 20, 2018, Chiselcreek, Sardo Properties, LLC, and David D. Sardo ("Counterclaim Defendants") filed a Motion to Dismiss the Original Counterclaim. They argued for dismissal of all claims (other than breach of contract) as duplicative, redundant, barred by the economic loss doctrine, failure to state a claim and/or barred by the statute of limitations. The Honorable J. Parkins was the assigned judicial officer and scheduled a hearing for October 15, 2018. On September 21, 2018, at the request of the parties, that Court granted the parties' joint request for a continuance of sixty days in order to resume efforts to resolve the matter without the need for further litigation. On January 17, 2019, J. Parkins again granted an additional sixty days at the request of the parties.

After his passing, this Court was assigned the case on April 15, 2019. On April 16, 2019, this Court sent a status letter, and after the deadline for a status had passed, the Court emailed counsel on June 19, 2019 for a status. On July 30, 2019, the Counterclaim Defendants requested this Court schedule a hearing on the outstanding Motion to Dismiss. The Court scheduled the hearing for October 11, 2019. In preparation for the hearing, on October 3, 2019, this Court emailed counsel for the Hubers indicating that the Court had not received a response to the Motion to Dismiss filed in July 2018. On the same day, the Hubers filed a First Amended Counterclaim and First Amended Third Party Complaint ("First Amended Counterclaim").

On October 7, 2019, the Court entered an Order granting Counterclaim Defendants' Motion to Dismiss (Order) as Unopposed. On October 8, 2019, counsel for the Hubers filed a letter to this Court regarding the Order seeking additional information regarding the status of their First Amended Counterclaim. This Court

2

instructed counsel to file an appropriate motion. On October 14, 2019, the Hubers filed this Motion under Superior Court Civil Rule 59(e). On October 21, 2019, Counterclaim Defendants' filed a letter in opposition. On October 24, 2019, a teleconference was held before this Court requesting Counterclaim Defendants file a proper response to the Motion, filed timely on October 31, 2019. On November 1, 2019, the Hubers filed their Reply. On November 5, 2019, this Court heard oral arguments during a routine motion calendar.

As this issue was anything but routine, the Court decided to take the matter under advisement after counsel represented that the courts "were split" on the issue presented, with both sides providing both Superior Court and Court of Chancery authority as to whether or not a Motion to Dismiss is considered a responsive pleading. Having had an opportunity to review the history of the case and the authority submitted by both sides, the matter is ripe for review.

### *Standard of Review*

Under Superior Court Civil Rule 59(e), a motion for reargument will be granted if the Court has "overlooked a controlling precedent or legal principles, or the [C]ourt has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[1] Here, the Hubers seek clarification or reargument. "A motion for clarification may be granted where the meaning of what the Court has written is unclear."[2] Procedurally, a motion for clarification is treated as a motion for reargument.[3]

### *Party Contentions*

The Hubers argue this Court overlooked a controlling precedent or legal principles when it granted Counterclaim's Motion to Dismiss. They state that where

---

[1] *Lowicki v. State*, No. CV N18A-01-001 AML, 2019 WL 5420097, at *1 (Del. Super. Ct. Oct. 23, 2019) (citing *Radius Servs., LLC v. Jack Corrozi Const., Inc.*, 2010 WL 703051, at *1 (Del. Super. Ct. Feb. 26, 2010) (citing *Lamourine v. Mazda Motor of Am., Inc.*, 2007 WL 3379048, at *1 (Del. Super. Ct. Sept. 24, 2007))); *see Bozievich v. Moreau*, No. S16C-12-004 ESB, 2019 WL 4962694, at *1 (Del. Super. Ct. Oct. 8, 2019) (citing *Kennedy v. Invacare Corp.*, 2006 WL 488590, at *1 (Del. Super. Ct. Jan. 31, 2006)).

[2] *State ex rel. French v. Card Compliant, LLC*, No. CVN13C06289PRWCCLD, 2018 WL 4183714, at *4 (Del. Super. Ct. Apr. 30, 2018) (quoting *New Castle County v. Pike Creek Recreational Services*, 2013 WL 6904387, at *2 (Del. Ch. Dec. 30, 2013) (quoting *Naughty Monkey LLC v. Marine Max Northeast LLC*, 2011 WL 684626, at *1 (Del Ch. Feb. 17, 2011))).

[3] *Id.* at *4 (Del. Super. Ct. Apr. 30, 2018) (citing DEL. SUPER. CT. CIV. R. 59(e); *New Castle County v. Pike Creek Recreational Services*, 2013 WL 6904387, at *2 (Del. Ch. Dec. 30, 2013)).

the filing of the First Amended Complaint was procedurally sound,[4] Counterclaim Defendants' Motion to Dismiss was rendered moot, and should not have been considered. They argue that although the Court requested a specific "response" to the Motion to Dismiss, their amended pleadings complied with Superior Court Civil Rules 7 and 12(b). The Hubers request that the Order be vacated.[5] Alternatively, they request to the extent that the Court finds the Order to be valid, that the Court clarifies that dismissal was only of the Original Counterclaim, allowing the First Amended Counterclaim to act as the operative pleading remaining.[6]

Counterclaim Defendants argue that dismissal was appropriate because their Motion to Dismiss was a responsive pleading, and where the Hubers failed to obtain requisite leave of the Court or consent of the parties to file the amended pleadings, they violated Rule 15.[7] Second, they argue the Court's Order is appropriate where the Hubers disregarded a direct request from the Court to file *a response* to the Motion to Dismiss.[8] They further argue that the amended pleadings are "inexcusably delayed," and will cause undue prejudice,[9] especially where the amendment served only to withdraw frivolous claims, and add two claims of fraud.[10]

## *Discussion*

Upon review of the submissions, this Court finds that the "split" is not as represented by counsel. It is true that some courts have used language suggesting that a motion to dismiss is "responsive" to an action to direct whatever ruling may have been appropriate under the circumstances. However, where analysis has been conducted by the Superior Court to consider whether a motion to dismiss is a responsive pleading, this Court finds that such analysis is clear that a motion to

---

[4] Defendants argue that their filing was procedurally sound, where "no responsive pleading to the Original Counterclaims had been filed." Defendants, Crossclaim Defendants, and Counterclaim Plaintiffs' (Hubers') Motion for Reconsideration or Clarification at ¶ 3 at n. 1 (citing *3M Co. v. Neology, Inc.*, No. CVN18C07089AMLCCLD, 2019 WL 2714832, at *7 (Del. Super. Ct. June 28, 2019) ("A motion to dismiss, however, is not a responsive pleading.") [hereinafter "Counterclaim Pl.'s Mot."].

[5] *Id.* at ¶ 8.

[6] *Id.* at ¶ 9.

[7] Crossclaim Plaintiff/ Counterclaim Defendant and Third Party Counterclaim Defendants' Response to Motion for Reconsideration or Clarification at ¶ 9 [hereinafter "Counterclaim Def.s' Resp."].

[8] *Id.* at ¶ 8.

[9] *Id.* at ¶ 10.

[10] *Id.*

dismiss is not a responsive pleading for the purposes of Superior Court Civil Rule 15(a).[11]

The Court is guided by *Stoppel v. Henry*, where the Superior Court concluded "a motion to dismiss is not a responsive pleading that would require [Plaintiff] to seek leave of the Court to filed an amended complaint."[12]  The Court reached this conclusion by thorough analysis of both Superior Court Civil Rules 15(a) and 7(a), emphasizing that neither rule suggests that a motion to dismiss is a responsive pleading.[13]  The *Stoppel* Court also considered and compared Rule 15(aaa) of the Court of Chancery and Rule 15(a) of the Superior Court.[14]  Where both rules allow for a one-time amendment "as a matter of course at any time before a responsive pleading is served[,]"[15] the Court determined "no reason to construe the term 'responsive pleading' differently under [Superior Court] rules."[16]  This Court agrees.

As stated to counsel during oral argument, this Court seeks to see this matter proceed on the merits.  The Hubers addressed deficiencies noted in their Original Counterclaim, through their amended filing.  Since the Court finds that the Motion to Dismiss in this case is not a responsive pleading, and where the Court sought a *response* from the Hubers, the Hubers filed their amendment in accord with Rule 15(a).  They were not required to seek leave from the Court or consent from opposing parties.

Although the Motion to Dismiss was then rendered moot, the effect of the Court's granting dismissal remains, where this Court dismissed only the Original Counterclaim.  The First Amended Counterclaim and Third Party Complaint stands as the operative pleading.  As amended, the Hubers withdrew claims of intentional infliction of emotional distress and loss of consortium but added Counts IX and X

---

[11] *See 3M Co. v. Neology, Inc.,* No. CVN18C07089AMLCCLD, 2019 WL 2714832, at *7 (Del. Super. Ct. June 28, 2019) ("A motion to dismiss . . . is not a responsive pleading."); *see also Ward v. CareFusion Sols., LLC,* No. CV N17C-10-199 MMJ, 2018 WL 1320225, (Del. Super. Ct. Mar. 13, 2018) (holding that plaintiffs were entitled to amendment where defendant's motion to dismiss was not a responsive pleading); *see also Gumbs v. Delaware Dep't of Labor,* No. CV S14C-10-015 RFS, 2015 WL 1542126, at *1 (Del. Super. Ct. Mar. 27, 2015) (holding that a party is permitted to amend their complaint once, as a matter of course, before a responsible pleading is filed, where a motion to dismiss was not a responsive); *see also Stoppel v. Henry,* No. CIVAN10C-03078PLA, 2011 WL 55911, at *3 (Del. Super. Ct. Jan. 4, 2011).

[12] *Stoppel,* 2011 WL 55911 at *3.

[13] *Id.* (citing DEL. SUPER. CT. CIV. R. 7(a)).

[14] *Id.*

[15] *Compare* DEL. R. CH. CT. 15(a) *with* DEL. SUPER. CT. CIV. R. 15(a).

[16] *Id.*

5

to their claims alleging violations of Pennsylvania unfair practices and consumer protection law[17] and the Delaware Consumer Fraud Act.[18]

The Counterclaim Defendants argue that these new claims will cause prejudice, are brought in bad faith, or are otherwise futile. Since this is a motion under Rule 59, the Court does not analyze Rule 15 arguments. Note that if the Hubers had presented a traditional response, the Court would have likely granted the motion to dismiss with leave to amend, leading us back to the same place.[19]

In considering whether leave to amend would cause prejudice to Counterclaim Defendants,[20] it is clear that much of the delay in 2018 and 2019 was due to joint requests for ongoing negotiations. As such, any delays are not inexcusable nor repeated since this is also the Hubers' first amendment. There is no evidence of bad faith or dilatory motive, repeated failures to cure deficiencies, prejudice, or futility.

The Court finds that a Motion to Dismiss is not a responsive pleading. The First Amended Counterclaim and Third Party Complaint remains as the operative pleading. Counterclaim Defendants may renew their request for dismissal as to the First Amended Counterclaim and Third Party Complaint or file respective answers to the operative pleading. For these reasons, the Motion for Reargument is **GRANTED, to clarify,** and **DENIED for reargument.**

**IT IS SO ORDERED.**

Vivian L. Medinilla
Judge

oc:    Prothonotary

---

[17] *See* Defendants, Crossclaim Defendants, and Counterclaim Plaintiffs' (Hubers') First Amended Counterclaim and First Amended Third Party Complaint at ¶¶ 121-127 [hereinafter "Counterclaim Pl.s' Am. Comp."].

[18] *See* Counterclaim Pl.s' Am. Comp. at ¶¶ 128-130 ("(10) Delaware Consumer Fraud Act, 6 *Del. C.* § 2513, et seq.").

[19] Under Superior Court Civil Rule 15(a), "leave shall be freely given when justice so requires." DEL. SUPER. CT. CIV. R. 15(a). This rule "encourage[s] the disposition of litigation on its merits. *Rinaldi v. Iomega Corp.*, No. C.A.98C-09-064RRC, 2000 WL 973257, at *1 (Del. Super. Ct. May 23, 2000) (citing *Grand Ventures, Inc. v. Whaley*, 632 A.2d 62 (Del. 1993)).

[20] Leave to amend is granted liberally, unless as a result the opposing party would be prejudiced. Prejudice can stem from inexcusable delay or numerous attempts at amendment. *See State v. Gold Fever, LLC*, No. CV N17C-09-001 DCS, 2018 WL 4693143, at *4 (Del. Super. Ct. Sept. 27, 2018).

6